# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1617 | **DATE** | 4/21/2004 |
| **CASE TITLE** | Fogel vs. Gordon & Glickson, P.C., et al. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the Memorandum Opinion and Order, motion of Gordon and Glickson, L.L.C. for a new or amended judgment barring arbitration [26-1] is granted. Ruling date of 4/22/04 is stricken. The Court will issue an amended judgment enjoining Fogel from pursuing his claim against Gordon and Glickson, L.L.C. in arbitration. Plaintiff is hereby enjoined from pursuing his claim against Gordon & Glickson, L.L.C. in arbitration and further directed to notify the arbitrator that plaintiff has been so enjoined.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | **2** | **Document Number** |
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | APR 22 2004 | |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | U.S. DISTRICT COURT CLERK | | 40 |
| ✓ | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2004 APR 21 PM 5:17 | 4/21/2004 | |
| | | | | date mailed notice | |
| MD | courtroom deputy's initials | | Date/time received in central Clerk's Office | MD | |
| | | | | mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICHARD L. FOGEL,

     Plaintiff,

v.

GORDON & GLICKSON, P.C., GORDON
& GLICKSON, L.L.C., MARK L.
GORDON, SCOTT L. GLICKSON,
PHILIP P. McGUIGAN, DIANA J.P.
McKENZIE, MICHAEL E.C. MOSS, and
STUART SMITH,

     Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 03 C 1617
Judge Joan H. Lefkow

DOCKETED

APR 2 2 2004

## MEMORANDUM OPINION AND ORDER

On February 10, 2004, this court granted defendants' motion to dismiss the Second

Amended Complaint and entered final judgment dismissing the case with prejudice. The Second

Amended Complaint alleged that defendants defrauded plaintiff Richard L. Fogel ("Fogel") out

of certain deferred compensation payments owed to him from the 1997 Investment Pool created

by Gordon & Glickson P.C. (the "P.C."). On January 5, 2004, shortly before the entry of final

judgment, Fogel filed a Demand for Arbitration with the American Arbitration Association ("the

AAA") seeking a certain remainder of deferred compensation from Gordon & Glickson L.L.C.

(the "L.L.C."), as well as remittance of Fogel's outstanding liquidated ownership interest in the

L.L.C. The L.L.C. filed a motion to stop the arbitration, arguing that Fogel had waived his right

to arbitration by bringing the federal fraud suit. The court did not rule on the L.L.C.'s motion to

stop the arbitration, and Fogel continues to pursue the arbitration. The L.L.C. has now moved for

a new or amended judgment barring arbitration, incorporating their previous argument that Fogel waived his right to arbitrate by commencing this litigation and arguing in addition that the arbitration now is barred by *res judicata*. For the reasons stated below, the court grants the motion.

## BACKGROUND

Fogel practiced law with the P.C. until April 30, 1999, when the P.C. reorganized and transferred general operations and certain assets and liabilities to the L.L.C. Plaintiff was a party to the reorganization, became a member of the L.L.C., and continued practicing law without interruption. The P.C. continued to own and manage certain investment pools for the benefit of the shareholders of the P.C., including Fogel, but did not continue to engage in business. In connection with the reorganization, Fogel entered into two written agreements, the P.C. Plan and the L.L.C. Agreement. These agreements set forth, among other things, the entitlement of each shareholder upon separation from the P.C. and the L.L.C. Both of the agreements contain identical mandatory arbitration clauses providing for arbitration of any "dispute claim, question or disagreement" arising from the respective agreements.

On December 15, 1999, Fogel voluntarily resigned his position with the law firm and ceased practicing law as a member of the firm as of January 14, 2000. Fogel filed this action against the P.C., the L.L.C., and Michael E.C. Moss alleging that the defendants defrauded him out of deferred compensation owed to him from the P.C.'s 1997 Investment Pool upon withdrawal from the firm. Specifically, Fogel alleged that the defendants, without informing Fogel, "effectively denuded the 1997 Investment Pool of any asset that could effectively provide funds to pay Fogel his deferred compensation" owed to him under the P.C. Plan. (*Id.* ¶ 23.)

2

According to Fogel's Second Amended Complaint, the "firm" still owed Fogel $290,669.19 in "outstanding deferred compensation" as of December 21, 2002. (Sec. Am. Compl. ¶ 28.) Fogel failed to point out that only $252,957.16 of this "outstanding deferred compensation" was owed to him from the 1997 Investment Pool. The remaining $37,711.43 was owed to him by the L.L.C. pursuant to the L.L.C. Agreement.

Fogel's Demand for Arbitration asserts that the L.L.C. breached the L.L.C. Agreement and seeks the $37,711.43 in deferred compensation owed to him by the L.L.C., as well as $9,229.58 owed to Fogel as his outstanding liquidated ownership interest in the L.L.C. The L.L.C.'s motion to enjoin Fogel from pursuing the arbitration argues that Fogel is attempting to litigate the same claim in two different forums. Fogel opposes the motion, arguing that the arbitration proceedings involve "wholly separate and distinct factual evidence" from the federal suit. Fogel has continued to pursue the arbitration, and the AAA has advised the parties that it will not terminate the arbitration proceedings absent a court order requiring it to do so.

## DISCUSSION

The L.L.C. continues to assert that the arbitration is barred by the doctrine of waiver. The court need not decide the waiver issue, however, because the arbitration is now barred by the doctrine of *res judicata*. *Res judicata* bars successive suits raising the same cause of action. Thus, if a litigant brings a second suit based on a previously raised cause of action, *res judicata* bars all issues that were previously litigated *or could have been litigated* in the earlier case. *Brzostowski* v. *Laidlaw Waste Systems, Inc.*, 49 F.3d 337, 338 (7th Cir. 1995)(emphasis added). Fogel's breach of contract claim against the L.L.C. could have, indeed should have, been litigated in its earlier suit.

3

The Seventh Circuit has held that where the earlier action is brought in federal court, federal, not state, rules of *res judicata* apply. *E.E.O.C.* v. *Harris Chernin, Inc.*, 10 F.3d 1286, 1289 n.4 (7th Cir. 1993). Under federal *res judicata* rules, an action should be barred if three elements exist: (1) judgment on the merits in an earlier action; (2) identity of the parties or privies in the two suits; and (3) identity of the cause of action between both suits. *Brzostowski*, 49 F.3d at 338.

Fogel does not deny that the first two elements are met but argues that the third element, identity of cause of action between the two claims at issue, is absent. He claims that "the claims arise from separate transactions and do not share the same core of operative facts. . . . The AAA breach of contract action is wholly unconnected to the P.C. Agreement and Fogel's rights thereunder, wholly unconnected to the deferred compensation owed by the P.C. from the 1997 Investment Pool, and wholly unconnected to any allegations of fraud." (Pl. Resp., at 6-7.) The court disagrees.

The Seventh Circuit employs the "transaction test" to determine whether there is an identity between causes of action for *res judicata* purposes. *Andersen* v. *Chrysler Corp.*, 99 F.3d 846, 852 (7th Cir. 1996); *Car Carriers, Inc.* v. *Ford Motor Co.*, 789 F.2d 589, 593 (7th Cir. 1986). Under this test, once "a transaction has caused injury, all claims arising from that transaction must be brought in one suit or be lost." *Car Carriers*, 789 F.2d at 593. As Judge Posner has pointed out, "the standard for when two claims are so closely related that they constitute the same transaction for purposes of *res judicata* is not as clear as it might be." *Herrmann* v. *Cencom Cable Associates, Inc.*, 999 F.2d 223, 226 (7th 1993). However, the Seventh Circuit has made it clear that the transaction test "does not require an identity of legal theory or of facts." *Okoro* v.

4

*Bohman*, 164 F.3d 1059, 1062 (7th Cir. 1999). "It would not matter that the prior suits charged

different violations of law, alleged different facts, and sought different relief. Under the federal

common law of *res judicata*, a subsequent suit is barred if the claim on which it is based arises

from the same incident, events, transaction, circumstances, or other factual nebula as a prior suit

that had gone to final judgment." *Id.* Section 24(2) of the Restatement (Second) of Judgments

provides some guidance to courts in determining what "factual nebula" forms a single transaction

for purposes of the transaction test:

> What factual grouping constitutes a 'transaction' . . . [is] to be determined
> pragmatically, giving weight to such considerations as whether the facts are
> related in time, space, origin, or motivation, whether they form a convenient trial
> unit, and whether their treatment as a unit conforms to the parties' expectations or
> business understanding and usage.

Here, though Fogel's claims allege different violations of law, rely on some different

facts, and seek different relief, they are based on what is in effect the same transaction: the

"firm's" failure to pay Fogel the deferred compensation he was due upon withdrawal. The firm's

obligation to pay Fogel deferred compensation arose from the same event, his withdrawal from

the firm. The contracts giving rise to that obligation were signed on the same day and concerned

the same subject, the parties' entitlements to firm assets after reorganization. The injury to Fogel

is the same, insufficient compensation. Furthermore, in his Second Amended Complaint, Fogel

repeatedly treats the deferred compensation due to him under the P.C. Plan and the L.L.C.

Agreement as a single debt. He alleges that at the time of his withdrawal from the firm in

January 2000, "the deferred compensation owed by the firm to Fogel was determined by the firm

to be $462,570.88." Fogel does not explain in the Second Amended Complaint that this amount

constitutes the *total* deferred compensation due to him under both the P.C. Plan and the L.L.C.

5

Agreement. Fogel also alleges that the "firm" still owed him $290,669.19 -- again representing

compensation due under both agreements -- in "outstanding deferred compensation" on

December 31, 2002. In the Second Amended Complaint, Fogel also discusses and attaches

correspondence from the L.L.C. informing Fogel that "all existing firm debt obligations would be

satisfied." (Sec. Am. Compl. ¶ 26, Ex. G.) Fogel attaches the same correspondence in his

Demand for Arbitration as support for his claim that he was owed deferred compensation from

the L.L.C. (Def. Mot. For Determination of Waiver., Ex. A.) All this suggests that the treatment

of the two claims as a unit "conforms to the parties' expectations or business understanding and

usage." *Restatement* § 24(2). Thus, the court holds that there is an identity of causes of action

between Fogel's federal fraud claim and his arbitration claim and therefore that *res judicata*

applies to the arbitration claim.

## ORDER

For the reasons stated above, the court grants Gordon & Glickson L.L.C.'s Motion for a

New or Amended Judgment Barring Arbitration [#26]. The court will issue an amended

judgment enjoining Fogel from pursuing his claim against Gordon & Glickson, L.L.C. in

arbitration.

ENTER: _____
JOAN HUMPHREY LEFKOW
Dated: April 21, 2004                        United States District Judge

6